Kirkpatrick, C. J.
— This is an action of debt, grounded on the “Act concerning trespasses by Swine.” As far as can be discovered, from the record and papers sent up, it would appear that Lindsley, the plaintiff below, thought himself aggrieved by the trespassing of the defendant’s swine; in order to remunerate himself for the injury, he appointed two men to appraise the damages; and upon that appraisement, he instituted this suit to recover double the sum so appraised.
This is what the law calls a penal action, and therefore the statute must be strictly pursued. Now, here it does not appear on the record, that the trespass was upon land for which the plaintiff paid taxes, that the swine were taken in the trespass and shut up to indemnify them, or that the defendant had any notice of this appointment and appraisement, all which things are necessary by the act to ground the action; and all which, it seems to me, ought to appear upon the state of the complaint. But waiving this, I think there is another exception, which strikes at the root of the proceeding. It appears by the record, that the plaintiff below rested his cause upon the appraisement, as the very ground of his action. [183] Now, according to what I apprehend to be the true construction of the act, the appraisement therein spoken of, is only to ascertain the quantum of damages, and not to fix the trespass. The person finding swine trespassing, is to shut them up in his enclosure, then to give notice to the owner, and they two are to appoint the appraisers, who are to appraise the damage; or if the owner is not known, or upon notice neglect or refuse to join in the appointment *236 of appraisers, as was the case here, then the party injured may appoint them himself,- and their appraisement shall be binding and conclusive; that is, as I apprehend, as to the amount of the damage done. There is no trial [*] to be had beford these appraisers. They are not authorized to issue subpoenas, to administer oaths to witnesses, to inquire in any legal way to whom the land belongs, to whom the swine belong, or what swine actually did the damage; they are merely to view the place, and to appraise the damage. But suppose where there was no notice, as' in the present case, the defendant should set up title to the land on which the trespass is said to have been committed — suppose he offered to prove that the swine were the property of another and not his, nay, that he never owned a swine? Does the mere appraisement preclude him from such a defense ? I think it does not. In order to support an action of this kind, therefore, it is necessary for the plaintiff to make out in evidence the case stated in the act of Assembly. He must show that the locus in quo is in his possession, that he pays taxes for it, that the trespass was committed by the swine of the defendant, and that he has proceeded in the manner prescribed to appoint appraisers. Then the appraisement fixes the sum. When the defendant comes in and pleads that he owes nothing, as this defendant did, he puts all this proof upon the plaintiff; and if he fails in it, he fails in his action. In this case no such thing is attempted. The plaintiff rests upon the appraisement alone. He ought to have been nofisuited, or to have had judgment against him.
J. H. Williamson, for plaintiff.
I think, therefore, the judgment must be reversed.[1]
Eossell and Pennington, Justices. — Concurred.
Judgment reversed.
Cited in Thorpe v. Rankin, 4 Harr. 36.

 Vide post, 344.